UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIM YEVETTE FLANIGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1191 JAR |
| | ) | |
| BANK OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's post-dismissal motion to amend her complaint. [Doc. #10]. Based on the analysis set forth below, the motion will be denied.

Plaintiff, who filed the instant action pro se, seeks this Court's intervention into her state law divorce proceedings which occurred in 2013. In her complaint, which was dismissed by this Court on August 27, 2015, plaintiff states that her ex-husband, Gerald Smith, divorced her in February of 2013, in St. Louis County Court. Plaintiff claims that at the time of the trial in her divorce proceedings, in December of 2012, she was confined in the Metropolitan Psychiatric Center pending felony charges in St. Louis County Circuit Court, Case No. 10SL-CR4806, on an indictment for forgery, and on charges for property damage and for peace disturbance, in Case No. 12SL-CR2940.[1]

Plaintiff asserts that the divorce decree was decided wrongfully, and she requests that this Court overturn several findings in that decree and assist her in tracing money that used to be held in what was once joint bank accounts opened under the names Gerald and Kim Smith. For example, plaintiff asserts that the judge in the divorce proceedings wrongfully found that she had

---

[1] According to Court records, plaintiff was represented by both a Guardian ad Litem, as well as her own attorney in the divorce proceedings.

forged Gerald Smith's name on a life insurance check made out to him for $278,000. She states that the divorce decree's finding that she deposited the money into her own separate account at Bank of America has allowed defendant Bank of America to refuse to provide her with money she believes should belong to her.

Similarly, plaintiff states that Ameriprise Financial acted inappropriately in cooperating with court subpoenas relative to the divorce proceedings and assisting the divorce court in tracing marital property versus each spouse's property so that a specific award could be made in the divorce decree. Plaintiff has not made specific allegations against Commerce Bank or Harrah's Casino.

Although defendant "Clayton Division 64" is listed as the last defendant in this action, the Court surmises that plaintiff is seeking to hold the family court judge who signed the order, Judge Beach, responsible for her assertions of poverty in the complaint. She claims that when she was released from the psychiatric hold and was able to resolve her criminal difficulties, she was left destitute and homeless. Essentially, plaintiff blames her financial problems on the enforcement of the divorce decree by the banking defendants. Thus, she seeks a modification of the divorce decree or an injunction against the banking defendants relative to their enforcement of such.

As noted above, the Court dismissed this action, without prejudice, for lack of subject matter jurisdiction on August 27, 2015. *See* Fed.R.Civ.P.12(h)(3). In her motion to amend her complaint, plaintiff states only that she would like to add a party to this action, one Donald Terrell from Washington, D.C., allegedly her husband's cousin" and a "so-called lawyer." Plaintiff has not made any allegations against Mr. Terrell, other than to call him an "abuser."

As plaintiff has not indicated in her motion to amend her complaint adequate grounds for this Court's jurisdiction, the Court will deny her motion to amend. As noted in the Court's prior Memorandum and Order, divorce proceedings, and modifications of divorce decrees, are state proceedings, which are done only in state courts.[2]

A review of Missouri.Case.Net shows that Kim Yevette Flanigan and her spouse, Gerald D. Smith, were divorced on February 7, 2013 in St. Louis County Court. *See Smith v. Smith*, Case No. 11SL-DR07027 (21st Judicial Circuit). Any modifications relative to plaintiff's divorce decree would necessarily have to be done within the Court where the dissolution occurred.[3] Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id*. Thus, to the extent that plaintiff is seeking review and dismissal of an earlier state court divorce decision, this Court lacks jurisdiction to entertain plaintiff's claims.

Moreover, to the extent that plaintiff is attempting to bring state law claims in this Court as an end-run around the modification process, she has not adequately pleaded jurisdictional grounds to do so. To bring a state law case in federal court, diversity jurisdiction must exist

---

[2]The Court finds that the "domestic relations exception" precludes the exercise of federal jurisdiction in this case. *Cf. Kahn v. Kahn*, 21 F.3d 859 (8th Cir. 1994). Pursuant to this exception, federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. *See id*. at 861. In addition, when a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. *Id*. Although plaintiff's claims are drafted to sound as tort claims, they are either directly related to or are so interwoven with the state divorce proceedings that subject matter jurisdiction does not lie with this Court. Plaintiff has given no indication that her claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the divorce proceedings allegedly were held, would be better equipped to handle plaintiff's claims.

[3]Plaintiff filed a notice of appeal of the divorce decree on November 1, 2013 which was denied on January 9, 2014.

under 28 U.S.C. § 1332. For diversity jurisdiction to exist, a plaintiff and the defendants must be "citizen[s] of different States." "It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff." *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir.1997). Plaintiff has not pleaded the citizenship of defendants in this action.[4] Moreover, there is no indication that the instant action arises under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend her complaint [Doc. #10] is **DENIED**.

Dated this 1st day of March, 2016.

                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff has additionally failed to plead that over $75,000 in controversy is at issue in the present matter.